Scott Alan Burroughs, Esq.
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (207) 747-4135

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED FABRICS INTERNATIONAL, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE CATO CORPORATION, a North Carolina Corporation; and DOES 1-10,<br><br>Defendants. | Civil Action No.<br><br>PLAINTIFF'S COMPLAINT FOR:<br><br>1. COPYRIGHT INFRINGEMENT;<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br><u>Jury Trial Demanded</u> |

Plaintiff, United Fabrics International, Inc., by and through its undersigned attorneys, hereby prays to this honorable Court for relief as follows:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff United Fabrics International, Inc. ("UFI") is a corporation organized and existing under the laws of the State of California with its principal place of business in Los Angeles County.

5. UFI is informed and believes and thereon alleges that The Cato Corporation, a North Carolina corporation, with its principal place of business at 160 Mine Lake Ct., Suite 200, Raleigh, North Carolina 27615, and is doing business in and with the State of California.

6. Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed UFI's copyrights, have contributed to the infringement of UFI's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to UFI, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. UFI is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full

knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of UFI's rights and the damages to UFI proximately caused thereby.

## CLAIM RELATED TO DESIGN "SHIRAZ"

8. Prior to the conduct complained of herein, UFI composed an original two-dimensional artwork for purposes of textile printing, which is set forth herein below. It named this artwork 8B39 Shiraz (hereinafter the "Subject Design"). This artwork was a creation of UFI and its design team, and is, and at all relevant times was, owned exclusively by UFI.

9. UFI applied for and received a United States Copyright Registration, for the Subject Design, prior to Defendants' acts of infringements complained of herein, being granted Registration No. VAu 1-167-585.

10. Prior to the acts complained of herein, UFI sampled and sold fabric bearing the Subject Design to numerous parties in the fashion and apparel industries.

11. Prior to the acts complained of herein, UFI is informed and believes and thereon alleges that, following this distribution of fabric bearing the Subject Design, and without UFI's authorization, Defendants, and each of them, manufactured, distributed, and/or sold fabric and/or garments comprised of fabric featuring a design which is identical or substantially similar to the Subject Design ("Infringing Product"), including but not limited to garments sold by Cato under Style No. 42968198 and Item No. 42969600.

12. A comparison of the Subject Design (left), and a sample of the Infringing Product (right) are set forth below. A review of same makes apparent that the elements, composition, colors, arrangement, layout, and appearance of the designs and motifs are substantially similar, strikingly similar, or virtually identical:



| SUBJECT DESIGN | INFRINGING PRODUCT EXEMPLAR |

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against All Defendants, and Each)

COMPLAINT

13. UFI repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this complaint.

14. UFI is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Design including, without limitation, through (a) direct access to UFI's showroom and design library; (b) access to illegally distributed copies of Subject Design by third-party vendors and/or Doe Defendants, including without limitation international and overseas converters and printing mills; (c) access to UFI's strike-offs and samples, and (d) garments manufactured and sold to the public bearing fabric lawfully printed with the Subject Design by UFI for its customers.

15. UFI is informed and believes and thereon alleges that one or more of the Defendants manufactures garments or is a garment vendor. UFI is further informed and believes and thereon alleges that said Defendant has an ongoing business relationship with Defendant retailer, and each of them, and supplied garments to said retailer, which garments infringed the Subject Design in that said garments were composed of fabric which featured an unauthorized print design(s) that were identical or substantially similar to the Subject Design, or were an illegal modification thereof.

16. UFI is informed and believes and thereon alleges that Defendants, and each of them, infringed UFI's copyright by creating, making, or developing directly infringing or derivative works from the Subject Design and by producing, distributing or selling garments which infringe the Subject Design through a nationwide network of retail stores, catalogues, and through on-line websites.

17. Due to Defendants' acts of infringement, UFI has suffered substantial damages to its business in an amount to be established at trial.

18. Due to Defendants' acts of infringement, UFI has suffered general and special damages in an amount to be established at trial.

19. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, UFI is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringement of the Subject Design in an amount to be established at trial.

20. UFI is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of UFI's rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.

## SECOND CLAIM FOR RELIEF

(For Vicarious and Contributory Copyright Infringement - Against All Defendants)

21. UFI repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this complaint.

22. UFI is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of garments featuring the Subject Design as alleged herein.

23. UFI is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because

they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

24. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, UFI has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

25. Due to Defendants', and each of their acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Subject Design. As such, UFI is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design, in an amount to be established at trial.

26. UFI is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.  Within the time permitted by law, UFI will make its election between actual damages and statutory damages.

## **PRAYER FOR RELIEF**

Wherefore, UFI prays for judgment as follows:

## **Against All Defendants**

27. <u>With Respect to Each Claim for Relief</u>
    1. That Defendants, their agents and employees be enjoined from infringing UFI's copyrights in any manner, specifically those for the Subject Design;

2. That UFI be awarded all profits of Defendants plus all losses of UFI, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. §§ 101, *et seq.*;
3. That UFI be awarded its attorneys' fees as available under the Copyright Act U.S.C. §§ 101, *et seq.*;
4. That a constructive trust be entered over all Infringing Product and any revenues derived from the sales or distribution of Infringing Product;
5. That UFI be awarded pre-judgment interest as allowed by law;
6. That UFI be awarded the costs of this action; and
7. That UFI be awarded such further legal and equitable relief as the Court deems proper.

UFI demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: October 17, 2018   By: _____
Scott Alan Burroughs, Esq.
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
231 Norman Avenue, Suite 413
Brooklyn, New York 11222
(310) 590-1820
scott@donigerlawfirm.com
Attorneys for Plaintiff

COMPLAINT